DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
U.S. Attorney's Office
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *michael.humphreys@usdoj.gov*
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-CR-373-LDG-(VCF) |
| KIRK ORMAND DAVIS, | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S MOTION TO CORRECT CLERICAL ERROR, OVERSIGHT, OR OMISSION FOR FAILING TO ATTACH THE ORDER OF FORFEITURE TO AN AMENDED JUDGMENT**

The United States of America ("United States"), by and through its attorneys, Daniel G. Bogden, United States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States Attorney, respectfully moves this Court to correct the clerical error of failing to attach the Order of Forfeiture (ECF No. 34) to an Amended Judgment in a Criminal Case under Fed. R. Crim. P. 32.2(b)(4)(B) and 36.

The grounds for attaching the Order of Forfeiture to an Amended Judgment in a Criminal Case are (1) the Federal Rules of Criminal Procedure provide that this Court attach and include the Order of Forfeiture in the Judgment pursuant to Fed. R. Crim. P. 32.2(b)(4)(B) and (2) the instrument to correct, to attach, and to include the Order of Forfeiture in the Judgment is Fed. R.

Crim. P. 32.2(b)(4)(B) and 36.  The United States requests this Court to attach the Order of Forfeiture to an Amended Judgment.

This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 14th day of June, 2013.

        Respectfully submitted,

        DANIEL G. BOGDEN
        United States Attorney

        */s/ Michael A. Humphreys*
        MICHAEL A. HUMPHREYS
        Assistant United States Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF THE FACTS**

On May 22, 2013, this Court entered Judgment in 2:12-CR-373-LDG-(VCF) (ECF No. 36), convicting Kirk Ormand Davis of Bank Robbery under Title 18 U.S.C. § 2113(a).  The Order of Forfeiture entered by this Court on May 13, 2013 was not attached to the Judgment.

**II. ARGUMENT**

When the Judgment was entered on May 22, 2013, the Order of Forfeiture (ECF No. 34) was not attached to the Judgment (ECF No. 36).

"The court *must* also include the forfeiture order, directly or by reference, in the Judgment, but the court's failure to do so may be corrected at any time under Rule 36." Fed. R. Crim. P. 32.2(b)(4)(B) (emphasis added).  "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising form oversight or omission." Fed. R. Crim. P. 36.

> Federal Rule of Criminal Procedure 36 provides that after giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment.  We have noted and now conclude that the omission of a forfeiture from the judgment ...can be remedied under Rule 36.  The failure to include forfeiture in a judgment, that everyone intended to be included, constitutes a clerical error, correctable under Rule 36.
>
> This conclusion is reinforced by a 2009 amendment to Rule 32.2 ..., providing that the court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected *at any time* under Rule 36.

*United States v. Zorrilla-Echevarria*, 671 F.3d 1, 9-10 (1st Cir. 2011) (citations, quotation marks, brackets, parentheses, and ellipsises omitted; emphasis in the original); *see Watson v. United States*, 2011 WL 4708804, 6 (E.D. Tenn. October 4, 2011) (stating the district court can include a forfeiture order in the Judgment at any time if it failed to do so previously).

The forfeiture order must be attached to or included in the Amended Judgment. Fed. R. Crim. P. 32.2(b)(4)(B).  The Judgment does not have the Order of Forfeiture attached to or included which

3

Fed. R. Crim. P. 32.2(b)(4)(B) requires the court to do. This failure was clerical error, oversight, or omission which can be, and is legally authorized to be, corrected under Fed. R. Crim. P. 32.2(b)(4)(B) and 36. The United States requests the forfeiture order be attached to and included in an Amended Judgment as required and allowed by law. Fed. R. Crim. P. 32.2(b)(4)(B) and 36; *Zorrilla-Echevarria* 671 F.3d at 9-10; *Watson v. United States*, 2011 WL 4708804, 6.

**III. CONCLUSION**

Based on the foregoing, this Court should attach the forfeiture order to an Amended Judgment.

DATED this 14th day of June, 2013.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/ Michael A. Humphreys*
MICHAEL A. HUMPHREYS
Assistant United States Attorney

ORDER

IT IS SO ORDERED.

DATED this 17 day of June, 2013.

_____
Lloyd D. George
Sr. U.S. District Judge