# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Kirk Davis,<br><br>　　　　　　　　Defendant. | Case No. 2:12-cr-00373-GMN-VCF<br>Case No. 2:13-cr-00055-GMN-VCF<br><br>**Order** |

　　　　On October 28, 2022, Defendant Kirk Ormand Davis appeared for an initial appearance on a revocation of his supervised release. (ECF No. 98). At that hearing, the Government moved for a competency evaluation pursuant to 18 U.S.C. § 4241 based upon Defendant's prior mental health history, the allegations contained in the petition, and Defendant's behavior during the hearing. (*Id.*). The defense objected. (*Id.*). The Court continued the detention hearing to November 1, 2022 in part with the hope that Defendant would receive his medication, be stabilized, and thereafter participate in the hearing. (*Id.*).

　　　　At the continued hearing, Defendant again demonstrated disruptive behavior. Additionally, the defense no longer objected to the evaluation and in fact, concurred with the Government's request. Based on Defendant's behavior in court, the allegations contained in the petition, and the agreement of the parties, the Court doubts Defendant's ability to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court thus ordered Defendant to undergo a competency evaluation at the November 1, 2022 hearing and indicated that a written order would follow.

///

///

Based on the foregoing and good cause appearing therefore,

IT IS ORDERED that:

1. In accordance with 18 U.S.C. § 4241 the United States Marshal's Service shall forthwith transport Defendant Kirk Ormand Davis to a suitable Bureau of Prisons ("BOP") facility that conducts psychological evaluations closest to the court, for psychiatric or psychological evaluation to determine whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed thirty days, unless extended by further order of the court upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Defendant, or by appropriate motion, for a period of up to fifteen additional days. 18 U.S.C. § 4247(b).

3. The examination conducted pursuant to this order shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C. § 4247(b).

4. A psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination. The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the court and provide copies to Daniel Cowhig, Assistant United States Attorney, and to Navid Afshar, counsel for Defendant.

5. The report shall include:

    a. Defendant's history and present symptoms;

    b. A description of the psychiatric, psychological or medical tests that were employed and their results;

    c. The examiner's findings;

    d. The examiner's opinions concerning whether Defendant is suffering

from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.

Additionally, the Court sets a status hearing on this matter for March 6, 2023 at 11:00 a.m. in Courtroom 3A for the purpose of setting a date for a competency hearing.

IT IS SO ORDERED.

DATED: November 2, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE